[Cite as *State v. C.K.*, 2013-Ohio-5135.]

SEALED

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99886**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## C.K.

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED; REMANDED FOR
CORRECTION OF JOURNAL ENTRY

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-529206

**BEFORE:** Celebrezze, P.J., E.A. Gallagher, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 21, 2013

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Nicholas A. DiCello
William B. Eadie
Spangenberg Shibley & Liber, L.L.P.
1001 Lakeside Avenue, East
Suite 1700
Cleveland, Ohio   44114
FRANK D. CELEBREZZE, JR., P.J.:

{¶1} This is an appeal by the state regarding the trial court's granting of appellee's motion to seal all official records of his arrest. For the reasons stated below, we affirm the judgment of the trial court.

## I.  Factual and Procedural History

{¶2} On October 13, 2009, defendant-appellee, C.K.,[1] was indicted by the Cuyahoga County Grand Jury for murder in violation of R.C. 2903.02(A), with one- and three-year firearm specifications.   A jury trial commenced on March 1, 2010.

---

[1] The anonymity of the defendant is preserved in accordance with this court's established Guidelines for Sealing Records on Criminal Appeals.

{¶3} At the close of the state's questioning of its primary witness, Valerie McNaughton, the prosecutor asked her, "did [C.K.] ever express a willingness or desire to kill Andre prior to killing him?" Immediately, the defense objected, but before the judge could respond to the objection, Valerie responded, "yeah." The court offered a curative instruction and dismissed the jury. The court then asked the defense whether they were moving for a mistrial. The defense responded in the affirmative, the judge declared a mistrial, and a new trial date was scheduled for June 7, 2010. On March 17, 2010, appellee filed a motion to dismiss the case because of double jeopardy. On April 22, 2010, the trial court denied appellee's motion, and a second trial commenced in August 2010.

{¶4} At the conclusion of trial, the jury convicted appellee of murder in violation of R.C. 2903.02(A), with one- and three-year firearm specifications. Appellee was sentenced to a prison term of 15 years to life on the murder charge and to a mandatory three years on the firearm specification. However, on appeal, this court reversed and remanded the case for a new trial, finding that C.K.'s murder conviction was against the manifest weight of the evidence. *State v.* [C.K.], 195 Ohio App.3d 343, 2011-Ohio-4814, 959 N.E.2d 1097, ¶ 26-31 (8th Dist.). On February 26, 2012, the state dismissed the case without prejudice.

{¶5} On February 5, 2013, appellee filed an application to seal all official records and a motion to dismiss the underlying criminal charges with prejudice. The state filed a brief in opposition to the application for sealing records of conviction on March 22, 2013.

The state also opposed the motion to dismiss. On April 16, 2013, the trial court held a hearing on the pending motions.

{¶6} At the hearing, appellee argued that he had a legitimate interest in sealing the records so that he could obtain gainful employment. In opposing the motion, the state argued that it has a legitimate governmental interest in maintaining criminal records such as appellee's so that the public is aware of who has an arrest record or has been convicted of certain crimes.

{¶7} At the conclusion of the hearing, the trial court determined that appellee's interest in sealing the official record of his criminal proceedings outweighed any legitimate government interest the state had in keeping them open. Accordingly, the trial court granted appellee's application to seal all official records, but denied his motion to dismiss the underlying criminal charges with prejudice.

{¶8} The state now brings this timely appeal, raising one assignment of error for review.

## II. Law and Analysis

{¶9} In its sole assignment of error, the state argues that the trial court abused its discretion when it granted appellee's application to seal all official records. Specifically, the state contends that appellee was not eligible to have his records sealed because there is no statute of limitations for the crime of murder. For the foregoing reasons, we find no merit to the state's argument.

**{¶10}** In general, a trial court's decision to grant or deny a request to seal records is reviewed under an abuse of discretion standard. *In re Fuller*, 10th Dist. Franklin No. 11AP-579, 2011-Ohio-6673, ¶ 7. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218, ¶ 25.

**{¶11}** R.C. 2953.52 sets forth the procedure by which trial courts may seal a defendant's record following a dismissal of the charges. Once the defendant files an application to seal the record,

> the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

R.C. 2953.52(B)(1).

**{¶12}** In considering the application pursuant to R.C. 2953.52(B)(2), the trial court shall:

> (a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed * * *; (ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;
>
> (b) Determine whether criminal proceedings are pending against the person;
>
> (c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

R.C. 2953.52(B)(2)(a)-(d).

{¶13} If the court determines, after complying with division (B)(2), that (1) the complaint, indictment, or information in the case was dismissed, (2) that no criminal proceedings are pending against the person, and (3) that the interest of the person having the records pertaining to the case are not outweighed by any legitimate governmental needs to maintain such records, then "the court shall issue an order directing that all official records pertaining to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred." R.C. 2953.52(B)(4).

{¶14} In the case at hand, it is undisputed that the underlying criminal complaint was dismissed and that no charges were pending against appellee at the time he filed his application to seal his criminal record. Moreover, the record reflects that the trial court adequately balanced the competing interests of the parties before determining that appellee's interest in obtaining gainful employment was not outweighed by the legitimate needs of the government to maintain the records.

{¶15} Because the trial court properly weighed the relevant factors delineated under R.C. 2953.52(B)(2) and (B)(4), we are unable to conclude that the trial court abused its discretion.

{¶16} Finally, we find no merit to the state's argument that the trial court's judgment was improper based on the fact that the statute of limitations on the dismissed

murder charge has not, and can not, expire. While a trial court must determine pursuant to R.C. 2953.52(B)(2)(a)(ii) whether the relevant statute of limitations has expired if the complaint, indictment, or information in the case was dismissed without prejudice, such a determination only becomes relevant if R.C. 2953.52(B)(3) applies.[2] In the case at hand, R.C. 2953.52(B)(3), which involves the sealing of official records of DNA specimens, samples, and profiles, was not at issue. Accordingly, the statute of limitations period on the dismissed murder charge was not a relevant factor to be considered by the trial court during its R.C. 2953.52(B)(4) analysis. *See* R.C. 2953.52(B)(4) (noting that the determinations described in (B)(4) are separate from the determinations described in division (B)(3) of the section).

{¶17} Based on the foregoing, we overrule the state's sole assignment of error. However, we note that the court's journal entry incorrectly refers to the expungement of appellee's "conviction," and incorrectly cites R.C. 2953.32 rather than R.C. 2953.52. We therefore remand this matter to the trial court, pursuant to App.R. 9(E), with instructions to correct the journal entry to delete the reference to "conviction" and amend

---

[2] R.C. 2953.52 states: "If the court determines after complying with division (B)(2)(a) of this section that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed with prejudice, or that the complaint, indictment, or information in the case was dismissed without prejudice and that the relevant statute of limitations has expired, the court shall issue an order to the superintendent of the bureau of criminal identification and investigation directing that the superintendent seal or cause to be sealed the official records in the case consisting of DNA specimens that are in the possession of the bureau and all DNA records and DNA profiles. The determinations and considerations described in divisions (B)(2)(b), (c), and (d) of this section do not apply with respect to a determination of the court described in this division."

its order to reflect that it is sealing the record of appellee's arrest pursuant to R.C. 2953.52.

**{¶18}** Judgment affirmed and case remanded. The clerk of the court of appeals is instructed to reseal the trial court record and to seal the court of appeals record in this case.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
EILEEN T. GALLAGHER, J., CONCUR