[Cite as *State v. Dye*, 2016-Ohio-5065.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| COLTON DYE | : | Case No. 15-CA-65 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Municipal Court,
Case No. 15CRB669


JUDGMENT:         Affirmed


DATE OF JUDGMENT:         July 21, 2016


APPEARANCES:

For Plaintiff-Appellee         For Defendant-Appellant

DANIEL E. COGLEY         JAMES L. DYE
123 East Chestnut Street         P.O. Box 161
Lancaster, OH 43130         Pickerington, OH 43147

*Farmer, P.J.*

{¶1}    On March 27, 2015, appellant, Colton Dye, was charged with five misdemeanor counts which allegedly occurred on March 21, 2015 (arson, aggravated menacing, menacing, criminal damaging, and domestic violence threats).  The counts were subsequently dismissed without prejudice on May 5, 2015.

{¶2}    On June 23, 2015, appellant filed an application for sealing of the dismissal pursuant to R.C. 2953.52(A).  A hearing was held on November 16, 2015.  By journal entry filed November 17, 2015, the trial court denied the application, finding the applicable statute of limitations had not run in order to seal the dismissal.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}    "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING APPELLANT WAS STATUTORILY INELIGIBLE TO APPLY FOR SEALING THE RECORD OF DISMISSAL AS THE STATUTE OF LIMITATIONS HAD NOT YET RUN."

I

{¶5}    Appellant claims the trial court erred in denying his request to seal the record of the dismissal without prejudice as the trial court inappropriately required the expiration of the statute of limitations in order to seal the record.  We disagree.

{¶6}    Statutory interpretation is a question of law, and therefore our standard of review is de novo.  *State v. Futrall,* 123 Ohio St.3d 498, 2009-Ohio-5590.  In construing a statute, the primary goal "is to ascertain and give effect to the intent of the legislature

as expressed in the statute." *Hudson v. Petrosurance, Inc.,* 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 30.

{¶7}   R.C. 2953.52 governs application to have records sealed and states the following in pertinent part:

(A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case.  Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

(B)(2) The court shall do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without

prejudice and, *if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;*

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

(3) If the court determines after complying with division (B)(2)(a) of this section that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed with prejudice, or that the complaint, indictment, or information in the case was dismissed without prejudice and that the relevant statute of limitations has expired, the court shall issue an order to the superintendent of the bureau of criminal identification and investigation directing that the superintendent seal or cause to be sealed the official records in the case consisting of DNA specimens that are in the possession of the bureau and all DNA records and DNA profiles.  The determinations and considerations described in divisions (B)(2)(b), (c), and (d) of this section do not apply with respect to a determination of the court described in this division.

(4) The determinations described in this division are separate from the determination described in division (B)(3) of this section. If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, or that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreperson or deputy foreperson of the grand jury; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, or if division (E)(2)(b) of section 4301.69 of the Revised Code applies, in addition to the order required under division (B)(3) of this section, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred. (Emphasis added.)

{¶8} In its journal entry filed November 17, 2015, the trial court denied the application, finding "the movant is not yet eligible for sealing of this record as the matter was dismissed without prejudice and the statute of limitations has not expired."

{¶9} Appellant argues in reading the cited sections in pari materia, it leads to the conclusion that the passage of the statute of limitations is not determinative, but the trial court should proceed to the considerations enumerated in subsection (B)(4) e.g., "the

interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records." In other words, appellant argues the statute provides for three categories: "1) dismissal with prejudice; 2) dismissal without prejudice where the applicable statute of limitations has expired; and 3) dismissal without prejudice where the applicable statute of limitations has not expired." Appellant's Brief at 2. Appellant argues if the applicant falls under (1) or (2), subsection (B)(3) applies; however, if the applicant falls under (3), as appellant herein, then subsection (B)(4) applies and appellant needs to meet a higher burden.

{¶10} We disagree with appellant's analysis of the relative statutory steps. R.C. 2953.52 requires a trial court to first comply with subsection (B)(2) in making a determination, including section (B)(2)(a)(ii) which requires a finding on "if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired." Only after making a (B)(2) determination does the trial court proceed under subsection (B)(4) to seal the record. If the applicable statute of limitations on a dismissal without prejudice has not passed, sealing is not permitted, as the charges may be refiled prior to the expiration of the statute of limitations. Subsection (B)(3) pertains only to the sealing of official records regarding DNA evidence which is not relevant to this case. As subsection (B)(4) states, "[t]he determinations described in this division are separate from the determination described in division (B)(3) of this section."

{¶11} Although appellant's case was dismissed without prejudice, the required two year statute of limitations had not expired. R.C. 2953.52(B)(2)(a)(i) and (ii). Therefore, appellant was not eligible for sealing under subsection (B)(4). Appellant's

record is not available for sealing until the passage of two years from the date of the alleged misdemeanors which will be March 21, 2017.

{¶12} Upon review, we find the trial court did not err in denying the application to seal the record.

{¶13} The sole assignment of error is denied.

{¶14} The judgment of the Municipal Court of Fairfield County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.


SGF/sg 624