[Cite as *State v. G.D.*, 2016-Ohio-8148.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 104317 and 104328**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## G.D.

DEFENDANT-APPELLEE

### JUDGMENT:
AFFIRMED; REMANDED FOR CORRECTION

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-599959-A and CR-15-601926

**BEFORE:** E.A. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 15, 2016

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Diana Smilanick
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Jerome Emoff
Dworken & Bernstein Co., L.P.A.
1468 West 9th Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

**{¶1}** In this consolidated appeal, plaintiff-appellant the state of Ohio appeals from the trial court's order granting defendant-appellee G.D.'s application pursuant to R.C. 2953.52 to seal the official records in Case Nos. CR-15-599959-A and CR-15-601926 and a related dismissal order. The state contends that the trial court erred in vacating its prior order dismissing the indictment in Case No. CR-15-601926 without prejudice and entering a new order dismissing the indictment with prejudice in conjunction with its granting of G.D.'s application to seal records. For the reasons that follow, we affirm the trial court's judgment.

**Factual and Procedural Background**

**{¶2}** On October 13, 2015, G.D. was indicted by a Cuyahoga County Grand Jury for two counts of unauthorized use of property in Case No. CR-15-599959-A (the "first indictment"). On December 15, 2015, G.D. was indicted for 24 counts of unauthorized use of property in Case No. CR-15-601926 (the "second indictment"). The charges in both cases arose out of G.D.'s alleged misuse of the Ohio Law Enforcement Gateway ("OHLEG") computer system to access online law enforcement-related educational courses through the electronic Ohio Peace Officer Training Academy ("eOPOTA") application. On January 6, 2016, the state moved to dismiss the first indictment in Case No. CR-15-599959-A because it was redundant of the second indictment in Case No. CR-15-601926. The trial court granted the motion, indicating in a January 8, 2016 journal entry that the "case is dismissed."

{¶3} Following the second indictment, the state's attorney and defense counsel received a letter from the Director of Admission for the Ohio Peace Officer Training Commission on behalf of the Ohio Attorney General[1] purportedly indicating that OHLEG users were permitted "unlimited and unrestricted access to the eOPOTA application" so long as they complied with OHLEG rules and regulations (the "OPOTC letter").

{¶4} Based on the OPOTC letter, the state filed a motion to dismiss the indictment in Case No. CR-15-601926 without prejudice. In its motion, the state indicated that its criminal case against G.D. had been "undermined" and "damaged" by the letter because the indictment had been brought "on the premise that there is not unfettered access to the eOPOTA application." The state further indicated that although it believed G.D. had violated the law, "in these matters, all law enforcement agencies should be united with the same interpretation of law" such that "the interests of justice would not be served by continued prosecution of the indictment." The motion was unopposed and, on February 3, 2016, the trial court granted the motion and dismissed the case "without prejudice."

{¶5} On February 3, 2016, G.D. filed an application to seal the official records in Case Nos. CR-15-599959-A and CR-15-601926 on the grounds that the indictments in both cases had been dismissed, that there were no criminal proceedings pending against him, that based on the position set forth in the OPOTC letter, G.D. "did not commit any crime" in utilizing his OHLEG access to take online eOPOTA law enforcement

---

[1] The letter was prepared in response to a subpoena served by defense counsel but was not submitted with the motion and is not in the record.

educational courses and that his interests in having the records sealed outweighed any governmental need to maintain those records. The state filed a response to the application, stating that "it is not opposing the Motion for Expungement * * * and waives the Hearing in this matter."

{¶6} The trial court ordered an expungement investigation report and thereafter held a hearing on G.D.'s application to seal the records. On March 15, 2016, the trial court vacated the February 3, 2016 dismissal of Case No. CR-15-601926 without prejudice and granted G.D.'s oral motion to dismiss the case with prejudice. On March 21, 2016, the trial court granted G.D.'s application and ordered the "record of conviction" in each case sealed. The trial court found that each indictment was dismissed with prejudice, that there were no criminal proceedings pending against G.D. and that G.D.'s interests in having the records sealed were not outweighed by any legitimate governmental needs to maintain the information.

{¶7} The state appealed the order, raising the following assignment of error for review:

> The trial court erred when it dismissed an indictment with prejudice upon an oral motion by defendant in an expungement hearing.

**Law and Analysis**

{¶8} R.C. 2953.52 sets forth the procedure by which trial courts may seal a defendant's record following a dismissal of the charges. Once the defendant files an application to seal the record,

> the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the

granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

R.C. 2953.52(B)(1).

{¶9} In considering the application pursuant to R.C. 2953.52(B)(2), the trial court shall:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed * * *; (ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

R.C. 2953.52(B)(2)(a)-(d).

{¶10} If the court determines, after complying with division (B)(2), that (1) "the complaint, indictment, or information in the case was dismissed," (2) that no criminal proceedings are pending against the person and (3) that the interest of the person having the records pertaining to the case are not outweighed by any legitimate governmental needs to maintain such records, then the court "shall issue an order directing that all official records pertaining to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred."    R.C. 2953.52(B)(4).

**{¶11}** The state does not challenge the trial court's decision to order the sealing of the records in of itself. Indeed, it concedes that G.D. was "statutorily eligible" for the sealing of the records in Case Nos. CR-15-599959-A and CR-15-601926 and that the decision whether or not to seal the records was a matter within the discretion of the trial court. Rather, the state argues that the trial court erred when it granted G.D.'s oral motion at the hearing on his application to seal records and (1) vacated its prior order dismissing the indictment in Case No. CR-15-601926 without prejudice and (2) entered a new order dismissing the indictment in Case No. CR-15-601926 with prejudice.

**{¶12}** We review a trial court's decision to grant or deny a request to seal records under an abuse of discretion standard. *See, e.g., State v. C.K.*, 8th Dist. Cuyahoga No. 99886, 2013-Ohio-5135, ¶ 10, citing *In re Fuller*, 10th Dist. Franklin No. 11AP-579, 2011-Ohio-6673, ¶ 7. Likewise, a trial court's dismissal of an indictment is reviewed for an abuse of discretion. *See, e.g., State v. Walton*, 8th Dist. Cuyahoga No. 87347, 2006-Ohio-4771, ¶ 4. An abuse of discretion occurs where the trial court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶13}** Crim.R. 48 governs the dismissal of a criminal case by either the state or the trial court. Crim.R. 48(B) provides that "[i]f the court over the objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." A trial court may dismiss an indictment with prejudice "'only where it is apparent that the defendant has been denied a constitutional

or statutory right, the violation of which would, in itself, bar prosecution.'" *State v. Peters*, 8th Dist. Cuyahoga No. 92791, 2009-Ohio-5836, ¶ 12, quoting *Fairview Park v. Fleming*, 8th Dist. Cuyahoga Nos. 77323 and 77324, 2000 Ohio App. LEXIS 5714 (Dec. 7, 2000); *Walton* at ¶ 5; *State v. Dixon*, 14 Ohio App.3d 396, 396, 471 N.E.2d 864 (8th Dist.1984).

{¶14} In this case, the trial court was under the mistaken impression that, because the statute of limitations had not yet expired on the offenses at issue, it could not order the sealing of the records under R.C. 2953.52 unless the dismissals in both Case Nos. CR-15-599959-A and CR-15-601926 were with prejudice:

> Here's the difficulty then. Under Ohio Revised Code Section 2953.52(B)(2)(a)([i]), my duty, when you filed this application is to — I'm sorry, it's (B)(1)(2)(a)([ii]) — is to determine, among other things, whether this case was dismissed with prejudice or without prejudice, and if without prejudice, whether the statute of limitations has expired.
>
> It was without prejudice; there is no question of that and I, based upon the recency of the crime, I have little doubt that the statute of limitations has not expired. So I can make that determination.
>
> Then under 2953.52(B)(3), I'm omitting some words here so I don't have to read every word of this section but, if the Court determines several things, including that the case was dismissed without prejudice — I'm sorry, that the case was dismissed with prejudice, or without prejudice and the statute of limitations has expired, then the Court shall issue an order basically sealing the record.
>
> I cannot make either one of those findings. First of all, it wasn't dismissed without prejudice — pardon me, it wasn't dismissed with prejudice. So I make that finding. Nor can I find that it was dismissed without prejudice but that the relevant statute of limitations has expired.
>
> So when I grant a motion to seal the record and the prosecution appeals because it was dismissed without prejudice or the statute of limitations is

passed is a statutory element necessary to granting the motion. * * *

How do you read that? The statute says that if the Court determines several things, but one of them being that the dismissal was with prejudice, which I can't, I can't find that, that's not the case; or it was dismissed without prejudice, which it was, and that the statute of limitations has expired, which it hasn't * * *.

**{¶15}** In response to the trial court's statement, the state indicated that it was "not going to appeal anything" and that the decision whether to grant G.D.'s application was within the discretion of the trial court. However, the state refused to agree to a dismissal of the indictments in Case Nos. CR-15-599959-A and CR-15-601926 with prejudice, indicating that, as a matter of "policy," "we just don't do that."

**{¶16}** In an attempt to circumvent this perceived hurdle to relief under R.C. 2953.52 based upon the nonprejudicial dismissals of the indictments,[2] the trial court found that Case No. CR-15-599959-A was "de facto dismissed with prejudice by virtue of it being essentially reindicted" as Case No. CR-15-601926. Defense counsel then orally moved to vacate the dismissal without prejudice that was previously entered in Case No. CR-15-601926 and requested that the trial court instead dismiss that case with prejudice. Over the state's objection, the trial court granted the motion, reasoning, based on the state's February 1, 2016 motion to dismiss in Case No. CR-15-601926 and the OPOTC letter referenced therein, that (1) "the State has admitted, in essence, even assuming [G.D.] engaged in the conduct alleged in the indictment, that conduct is not illegal" and

---

[2] Defense counsel compounded the error, stating that the trial court had correctly read R.C. 2953.52 as applying only to dismissals with prejudice.

(2) "the evidence could never support a finding, especially beyond a reasonable doubt, that [G.D.] committed a crime."

{¶17} This court has previously held that the sealing of records under R.C. 2953.52 is not limited to dismissals with prejudice. *C.K.*, 2013-Ohio-5135, at ¶ 13-16. While a trial court must determine, pursuant to R.C. 2953.52(B)(2)(a)(ii), whether the complaint, indictment or information in the case was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, whether the relevant statute of limitations has expired, such a determination only becomes relevant if R.C. 2953.52(B)(3) applies. In this case, there is no claim that R.C. 2953.52(B)(3) — which involves the sealing of official records of DNA specimens, samples, and profiles — is at issue. Accordingly, the trial court was not precluded from sealing the records in Case Nos. CR-15-599959-A and CR-15-601926 even if the dismissals of those cases were without prejudice. *See* R.C. 2953.52(B)(4) (noting that the determinations described in (B)(4) are separate from the determinations described in division (B)(3) of the section); *C.K.*, 2013-Ohio-5135, at ¶ 13-16 (because R.C. 2953.52(B)(3) was not at issue, "the statute of limitations period on the dismissed murder charge was not a relevant factor to be considered by the trial court during its R.C. 2953.52(B)(4) analysis."); *but see State v. Dye,* 5th Dist. Fairfield No. 15-CA-65, 2016-Ohio-5065, ¶ 11 (defendant was not eligible for sealing of records under R.C. 2953.52(B)(4) where case was dismissed without prejudice but the two-year statute of limitations had not yet expired).

{¶18} Although the state concedes that the trial court could have properly sealed

the records of these cases regardless of whether they were dismissed with or without prejudice, the state nevertheless maintains that it should prevail in this appeal because G.D. did not appeal the dismissal of Case No. CR-15-601926 without prejudice and the trial court could not convert its prior dismissal without prejudice into a dismissal with prejudice without making a finding that G.D. was denied a constitutional or statutory right.

**{¶19}** G.D., however, could not have appealed the dismissal without prejudice because a dismissal of an indictment without prejudice is not a final, appealable order. *See, e.g., Fairview Park v. Fleming*, 8th Dist. Cuyahoga Nos. 77323 and 77324, 2000 Ohio App. LEXIS 5714, *7-8 (Dec. 7, 2000) ("A dismissal without prejudice does not affect a 'substantial right' within the meaning of R.C. 2505.02 because the state can bring the action again. * * * A dismissal is not a final determination of the parties' rights if the complaint can be refiled. * * * Therefore, a dismissal without prejudice is not a final order under R.C. 2505.02(B)(1) and (2)."); *State v. Brown*, 8th Dist. Cuyahoga No. 84229, 2004-Ohio-5587, ¶ 6-12. Further, in this case, although the trial court did not state verbatim that G.D. was "denied a constitutional or statutory right, the violation of which would, in itself, bar prosecution," it is clear from the record, based on the trial court's reasoning in vacating the February 3, 2016 dismissal without prejudice and entering a dismissal with prejudice, that the trial court found that G.D.'s constitutional right to due process had been violated and that he could not be properly reprosecuted for these offenses:

THE COURT: What is the harm to the public, to the people of the State of Ohio, if 601926 is dismissed with prejudice in the face of your own office's admission that whatever [G.D.] did here was not illegal?

[THE STATE]: Well, I'm not saying that; a dismissal doesn't mean a not guilty or a complete vacation of —

THE COURT: But your motion, as [defense counsel] just pointed out, your motion does essentially say what he did was legal and it was buttressed by the summary of the likely testimony of the administrator of the OHLEG system.

[THE STATE]: Well, at this point, your Honor, I have to reiterate, I'm opposed to it. I'm not prepared even to say, okay, let's do that. I'd have to speak with supervisors, and I'm not prepared and I'm objecting to any chance of it being vacated because once it's vacated, then, to me, what that really means is it's going back to the indictment stage and we could bring the case again. It's almost like vacating a not guilty. * * *

THE COURT: * * * Here's what I'm going to do. * * *

In 601926, the defendant's oral motion to vacate the February 3rd, 2016, dismissal to the effect that dismissal was without prejudice is granted and, based upon the evidence, based upon the state of the record, in other words, the original motion to dismiss is granted but it is granted with prejudice. The reason for that is there — the State has admitted, in essence, even assuming [G.D.] engaged in the conduct alleged in the indictment, that conduct is not illegal.

The evidence for that is, first of all, the February 1st motion to dismiss and second the letter that you have * * * from [the Director of Administration, Ohio Peace Officer Training Commission, dated January 29, 2016]. * * *

[The state's attorney] describes, doesn't necessarily quote from but describes the letter in his motion to dismiss. It is worth noting in that motion, [the state's attorney] said the prosecution does believe the Revised Code Section has been violated but it seems to me the evidence could never support a finding, especially beyond a reasonable doubt, that [G.D.] committed a crime, even if his conduct is shown — even if the conduct alleged is shown to have been engaged in or committed, I should say.
So the motion to dismiss 601926 dismissed with prejudice. * * * [Y]ou want to preserve the ability to prosecute [G.D.] for something that you have

essentially admitted is not a crime. That, I think, is a little bit absurd * * *.

{¶20} There is no requirement that a trial court use any talismanic language to make a finding that a defendant's constitutional right has been violated to support the dismissal of an indictment with prejudice. Here, the Director of Admission for the Ohio Peace Officer Training Commission, on behalf of the Ohio Attorney General, prepared a letter stating that the conduct for which G.D. had been indicted was not criminal. That letter was obtained after defense counsel issued a subpoena to the Ohio Peace Officer Training Commission in connection with the preparation of G.D.'s defense. Had the state properly investigated this matter, it could have obtained this information from the Ohio Peace Officer Training Commission or the Ohio Attorney General long before it originally indicted G.D. in Case No. CR-15-599959-A[3] or, at the very least, before it reindicted G.D. two months later in Case No. CR-15-601926. There can be little doubt that criminal prosecution of an individual for conduct that is not illegal violates an individual's constitutional right to due process.

{¶21} Furthermore, it is undisputed that the underlying criminal indictments were dismissed and that no charges were pending against G.D. at the time he filed his application to seal the records in Case Nos. CR-15-599959-A and CR-15-601926. The record reflects that the trial court adequately weighed the competing interests of the parties before determining that G.D.'s interest in having the records sealed was

---

[3]As alleged in the first indictment, the conduct at issue occurred on October 8, 2014. As alleged in the second indictment, the conduct at issue occurred from May 6, 2013 to January 26, 2015.

outweighed by any legitimate needs of the government to maintain the records. Because the trial court considered the relevant factors delineated in R.C. 2953.52(B)(2) and (B)(4), the trial court did not abuse its discretion in ordering the records sealed.

{¶22} Accordingly, the trial court did not abuse its discretion in dismissing Case No. CR-15-601926 with prejudice or in granting G.D.'s application to seal the official records in Case Nos. CR-15-599959-A and CR-15-601926. The state's assignment of error is overruled.

{¶23} We note, however, that the trial court's March 21, 2016 journal entries incorrectly refer to the sealing of the record of G.D.'s "conviction" notwithstanding that G.D. was not convicted in either case. We therefore remand these matters to the trial court, pursuant to App.R. 9(E), with instructions to correct the journal entries to delete the references to "conviction."

{¶24} Further, pursuant to Loc.R. 23(A) and App.R. 23, we find, sua sponte, that the state's appeal in this case was frivolous. Loc.R. 23(A) provides:

> If the Eighth District Court of Appeals, sua sponte or on motion by a party, determines that an appeal, original action, or motion is frivolous or is prosecuted for delay, harassment, or any other improper purpose, it may impose on the person who signed the appeal, original action, or motion, a represented party, or both, appropriate sanctions. The sanctions may include an award to the opposing party of reasonable expenses, reasonable attorney fees, costs or double costs, or any other sanction the Eighth District

Court of Appeals considers just. An appeal or original action shall be considered frivolous if it is not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law.

**{¶25}** App.R. 23 similarly provides: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." Under App.R. 23, a frivolous appeal is one that presents "no reasonable question for review." *Smith-Evans v. Lavelle*, 10th Dist. Franklin No. 09AP-787, 2010-Ohio-1074, ¶ 15, citing *Talbott v. Fountas*, 16 Ohio App.3d 226, 475 N.E.2d 187 (10th Dist. 1984); *see also W. Res. Logistics v. Hunt Mach. & Mfg.*, 9th Dist. Summit No. 23124, 2006-Ohio-5070, ¶ 14.

**{¶26}** The state conceded that, for purposes of sealing the records in Case Nos. CR-15-599959-A and CR-15-601926, it did not matter whether the cases were dismissed with or without prejudice. It likewise admitted, based on the OPOTC letter, that the conduct at issue, i.e., G.D.'s use of his OHLEG access to take online law enforcement educational courses, was not criminal. Nevertheless, the state appealed the order granting the sealing of the records, arguing that the trial court erred in dismissing Case No. CR-15-601926 with prejudice and that the state's right to reindict G.D. for his admittedly non-criminal conduct should be preserved.

**{¶27}** When asked to explain why it had filed an appeal in this case — given that it did not oppose the sealing of the records at issue — the state indicated that it was simply

a matter of "office policy," i.e., that the state did not dismiss cases with prejudice and did not believe that the trial court should be permitted to dismiss a case with prejudice over the state's objection. G.D. has been through enough. G.D. should not have been required to defend an appeal simply so that the state could challenge — as a matter of "office policy" — the trial court's authority to dismiss a case with prejudice, over the state's objection, that the state should have never prosecuted in the first place.

{¶28} The state's appeal presents no reasonable question for review. It is not reasonably well-grounded in fact or warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law. As such, it is frivolous.

{¶29} G.D. has failed to submit, pursuant to this court's order of October 27, 2016, an affidavit indicating that amount which he incurred in expenses, attorney fees and costs in connection with this frivolous appeal. Therefore, we decline to make an award.

{¶30} Judgment affirmed; remanded for correction of journal entries. The clerk of the court of appeals is instructed to reseal the trial court record and to seal the court of appeals record in these cases.

The court finds that there were no reasonable grounds for this appeal.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR