[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Dye,* Slip Opinion No. 2017-Ohio-7823.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7823

THE STATE OF OHIO, APPELLEE, *v.* DYE, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Dye,* Slip Opinion No. 2017-Ohio-7823.]**

*Criminal law—Sealing of records—R.C. 2953.52—Pursuant to R.C. 2953.52(B)(4), a trial court may seal the records in a case dismissed without prejudice before statute of limitations has expired—Court of appeals' judgment reversed and cause remanded.*

(No. 2016-1395—Submitted June 7, 2017—Decided September 27, 2017.)

CERTIFIED by the Court of Appeals for Fairfield County,

No. 15-CA-65, 2016-Ohio-5065.

_____

**O'DONNELL, J.**

{¶ 1} The Fifth District Court of Appeals certified that its judgment in this case conflicts with the judgment of the Eighth District Court of Appeals in *State v. C.K.*, 8th Dist. Cuyahoga No. 99886, 2013-Ohio-5135, 2013 WL 6175329, on the following question of law: "Pursuant to R.C. 2953.52, must trial courts wait until

the applicable statute of limitations has expired prior to sealing the records of a case dismissed without prejudice?"

{¶ 2} Pursuant to R.C. 2953.52(B)(4), a trial court may seal the records in a case dismissed without prejudice before the statute of limitations has expired. Accordingly, we answer the certified question in the negative and reverse the judgment of the court of appeals.

### Procedural History

{¶ 3} Following an incident that allegedly occurred on March 21, 2015, the state of Ohio filed a complaint against Colton Dye charging him with arson, aggravated menacing, menacing, criminal damaging, and domestic violence threats. On May 5, 2015, the state dismissed that complaint without prejudice.

{¶ 4} On June 23, 2015, Dye filed an application to seal the official records of the case pursuant to R.C. 2953.52. The trial court denied the application and found that the records were not eligible for sealing because the case had been dismissed without prejudice and the statute of limitations had not yet expired.

{¶ 5} The Fifth District Court of Appeals affirmed the judgment of the trial court and held that the records were not eligible for sealing because Dye's case had been dismissed without prejudice and the statute of limitations had not expired. The appellate court held that R.C. 2953.52(B)(2)(a)(ii) requires a trial court to make a finding regarding whether the applicable statute of limitations has expired in a case dismissed without prejudice and only after making this determination does the trial court proceed pursuant to R.C. 2953.52(B)(4) to consider whether to seal the record.

{¶ 6} The appellate court certified that its decision conflicts with *State v. C.K.*, 8th Dist. Cuyahoga No. 99886, 2013-Ohio-5135, 2013 WL 6175329. In that case, where C.K. had filed an application to seal the records of his arrest for murder after the charge was dismissed without prejudice, the court of appeals held that

2

> [w]hile a trial court must determine pursuant to R.C. 2953.52(B)(2)(a)(ii) whether the relevant statute of limitations has expired if the complaint, indictment, or information in the case was dismissed without prejudice, such a determination only becomes relevant if R.C. 2953.52(B)(3) applies. In the case at hand, R.C. 2953.52(B)(3), which involves the sealing of official records of DNA specimens, samples, and profiles, was not at issue. Accordingly, the statute of limitations period on the dismissed murder charge was not a relevant factor to be considered by the trial court during its R.C. 2953.52(B)(4) analysis.

(Footnote omitted.) *Id.* at ¶ 16.

{¶ 7} We agreed to resolve the conflict. 147 Ohio St.3d 1436, 2016-Ohio-7677, 63 N.E.3d 155.

### Positions of the Parties

{¶ 8} Dye asserts that although R.C. 2953.52(B)(2)(a)(ii) requires a trial court to determine whether the applicable statute of limitations has expired in a case that was dismissed without prejudice, nowhere does R.C. 2953.52(B)(4) prohibit applicants whose relevant statute of limitations has not run from seeking to have their dismissed cases sealed. He also argues that the expiration of the applicable statute of limitations is relevant only in preserving or destroying DNA samples pursuant to R.C. 2953.52(B)(3).

{¶ 9} The state contends a court cannot seal the records of a case dismissed without prejudice until the applicable statute of limitations expires because the unambiguous language of R.C. 2953.52(B)(4) directs the court to calculate whether the statute of limitations for the underlying charge has expired before sealing the records of the case. The state further maintains that even assuming the language of the statute is ambiguous, legislative history and public policy reinforce the

conclusion that a court can seal the records of a case dismissed without prejudice only after the applicable statute of limitations has expired.

## Issue

{¶ 10} The issue before the court is whether R.C. 2953.52 requires the relevant statute of limitations to expire before a trial court can grant an application to seal the records of a case dismissed without prejudice.

## Law and Analysis

{¶ 11} Upon the filing of an application to seal the official records of a dismissed case, R.C. 2953.52(B) states the trial court shall

> (2)(a)(i) Determine whether * * * the complaint, indictment, or information in the case was dismissed * * *;
>
> (ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;
> * * *
>
> (3) If the court determines after complying with division (B)(2)(a) of this section * * * *that the complaint, indictment, or information in the case was dismissed without prejudice and that the relevant statute of limitations has expired*, the court shall issue an order to the superintendent of the bureau of criminal identification and investigation directing that the superintendent seal or cause to be sealed the official records in the case consisting of DNA specimens that are in the possession of the bureau and all DNA records and DNA profiles. * * *
>
> (4) The determinations described in this division are separate from the determination described in division (B)(3) of this section.

If the court determines, after complying with division (B)(2) of this section, * * * *that the complaint, indictment, or information in the case was dismissed* * * *; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, * * * *in addition to the order required under division (B)(3) of this section*, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred.

(Emphasis added.)

{¶ 12} Based on the plain and unambiguous language of R.C. 2953.52(B)(2)(a)(ii), while a court is required to determine whether the applicable statute of limitations has expired in a case dismissed without prejudice, there is nothing in the text of the statute requiring that a court deny an application to seal records if the applicable statute of limitations has not expired. Thus, R.C. 2953.52(B)(2)(a)(ii) requires only that a court determine whether the relevant statute of limitations in a case dismissed without prejudice has expired, but this determination is not dispositive of whether the court can grant an application to seal records pursuant to R.C. 2953.52(B)(4).

{¶ 13} Additionally, a comparison of the language in R.C. 2953.52(B)(3) and (B)(4) indicates the state's position that R.C. 2953.52(B)(4) directs a reviewing court to calculate whether the statute of limitations for an underlying charge has expired before sealing the record of a dismissal without prejudice is not well taken. R.C. 2953.52(B)(3) states that a trial court must determine "that the complaint, indictment, or information in the case was dismissed without prejudice and that the

relevant statute of limitations has expired" before it can seal records of a case consisting of DNA specimens, whereas R.C. 2953.52(B)(4) provides that a trial court must determine "that the complaint, indictment, or information in the case was dismissed" before sealing the official records of a case. Because R.C. 2953.52(B)(4) requires only that the trial court determine if the complaint, indictment, or information was dismissed, the court's determination pursuant to (B)(2) regarding whether the applicable statute of limitations has expired is not relevant under (B)(4) of the statute.

{¶ 14} Had the legislature intended for the applicable statute of limitations in a case dismissed without prejudice to expire before a trial court can seal a record under R.C. 2953.52(B)(4), it could have used the language it did in R.C. 2953.52(B)(3) regarding applications to seal records of DNA specimens. But it did not do so.

{¶ 15} We therefore answer the certified conflict in the negative, reverse the judgment of the Fifth District Court of Appeals, and remand the matter to the trial court for proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'CONNOR, C.J., concurs in judgment only.

_____

Randall T. Ullom, Lancaster Law Director and City Prosecutor, and Daniel E. Cogley, Assistant Prosecutor, for appellee.

James L. Dye, for appellant.

Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Public Defender, urging reversal for amicus curiae, Office of the Ohio Public Defender.

_____