[Cite as *State v. Erhardt*, 2017-Ohio-8456.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 16-CA-31 |
| | : | |
| KENNETH J. ERHARDT | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Fairfield County
                                  Municipal Court, Case No. CRB
                                  1400543



JUDGMENT:                         REVERSED AND REMANDED



DATE OF JUDGMENT ENTRY:           November 7, 2017



APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

R. KYLE WITT                               MARK J. MILLER
PROSECUTING ATTORNEY                       555 City Park Avenue
ANDREA GREEN BOYD                          Columbus, OH 43215
239 W. Main St.
Lancaster, OH 43130

*Delaney, P.J.*

{¶1}   Appellant Kenneth J. Erhardt appeals from the July 14, 2016 Entry of the Fairfield County Municipal Court overruling his Application for Sealing of Dismissal. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On March 3, 2014, appellant was charged by criminal complaint with two counts of rape pursuant to R.C. 2907.02(A)(1)(b), both felonies of the first degree.

{¶3}   On March 6, 2014, appellee filed a nolle prosequi without prejudice pending further investigation.

{¶4}   On January 25, 2016, appellant filed an application to seal the record of the dismissal pursuant to R.C. 2953.52(A)(1) and the matter proceeded to hearing on July 11, 2016.  The trial court overruled appellant's application pursuant to an Entry filed July 14, 2016, finding it lacked authority to seal the record pursuant to R.C. 2953.52(B)(3) because the statute of limitations pertinent to the underlying allegations had not yet expired.  Appellee has not refiled any charges arising from the allegations.

{¶5}   Appellant appealed to this Court on August 12, 2016.

{¶6}   Appellant concedes this Court had ruled contrary to his position in *State v. Dye,* 5th Dist. Fairfield No. 15-CA-65, 2016-Ohio-5065.  However, *Dye* was pending before the Ohio Supreme Court on a certified conflict with the decision of the Eighth District in *State v. C.K.,* 8th Dist. Cuyahoga No. 99886, 2013-Ohio-5135.  Accordingly this Court stayed the appeal sua sponte until the Supreme Court issued an opinion or otherwise resolved *Dye.*

{¶7}   The Ohio Supreme Court issued a merit opinion on September 27, 2017, and we have lifted the stay.

{¶8}   Appellant raises a single assignment of error:

## ASSIGNMENT OF ERROR

{¶9}   "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S APPLICATION TO SEAL ALL OFFICIAL RECORDS AS THIS CASE DOES NOT INVOLVE THE SEALING OF OFFICIAL RECORDS OF DNA SPECIMENS, SAMPLES, AND PROFILES."

## ANALYSIS

{¶10} Appellant argues the trial court erred in denying his application to seal.  In light of the decision of the Ohio Supreme Court in *State v. Dye*, we agree.

{¶11} In *State v. Dye*, Slip Opinion No. 2017-Ohio-7823, --N.E.3d--, the Ohio Supreme Court reversed the decision of this Court and held R.C. 2953.52 does not require the relevant statute of limitations to expire before a trial court can grant an application to seal the records of a case dismissed without prejudice.

{¶12} Accordingly, appellant's sole assignment of error is sustained.

**CONCLUSION**

{¶13} The judgment of the Fairfield County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law.

By: Delaney, P.J.,

Hoffman, J. and

Baldwin, J., concur.