[Cite as *State v. M.T.*, 2020-Ohio-5256.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109079 |
| v. | : | |
| M.T., | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 12, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-617211-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon Piteo and Christopher D. Schroeder, Assistant Prosecuting Attorneys, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant M.T. appeals from a judgment of the Cuyahoga County Court of Common Pleas denying his application to seal the official record. We reverse.

**Relevant Factual and Procedural Background**

{¶ 2} In 2009, J.S., the alleged victim in the underlying case, claimed that M.T. sexually assaulted her in his home in Maple Heights, Ohio. Shortly thereafter, and with the victim's cooperation, police investigated the alleged crime.

{¶ 3} Although police knew who he was, where he was and what he purportedly did in 2009, it was not until 2017, more than eight years later, that M.T. was indicted, charged with rape, gross sexual imposition and kidnapping.

{¶ 4} M.T. denied the charges and the case proceeded to trial on October 10, 2017, but was terminated by mistrial the following day. We know not whether a jury was impaneled or whether there was a waiver of jury trial, since the trial court docket fails to indicate as such and we have no transcript of those proceedings before us. Although the court rescheduled the trial for six different dates between January and November 2018 for myriad reasons, a new trial never did commence and the case was ultimately dismissed, without prejudice, on November 26, 2018.

{¶ 5} In 2019, M.T. filed an application to seal the official record in the case for reasons including the negative impact of the ready availability of the records on his securing employment. The state objected, arguing that the court should deny the application because the case was dismissed without prejudice and the relevant statutes of limitations had not expired. The state claimed that sealing the official record in the case would "substantially inhibit, if not effectively prevent" any attempt to reprosecute M.T. for this alleged crime. The prosecutor did, however, admit, "I

can't represent to the Court that [reprosecuting M.T.] has any degree of likelihood or probability given that this alleged incident occurred in 2009 and the case was dismissed ten months ago * * *."

**{¶ 6}** There was no meaningful hearing on this motion. No testimony was taken and counsel merely reiterated the content of their written briefs. The court issued a journal entry containing its findings, concluding that it did not find that "[M.T.'s] interests outweigh the state's legitimate needs to maintain the records." This appeal follows.

**Assignment of Error**

**{¶ 7}** M.T. asserts the following assignment of error:

The trial court abused its discretion in denying M.T.'s motion for expungement as it failed to properly weigh the competing interests in the sealing of M.T.'s record.[1]

**Law and Analysis**

**{¶ 8}** R.C. 2953.52(A)(1) permits a person named as a defendant in a dismissed complaint, indictment or information to apply for a court order to seal his or her official records in the case. When determining whether such an applicant is eligible for sealing, R.C. 2953.52(B) requires the court to make specific determinations. Here, the court determined that the case was dismissed without

---

[1] We note that although M.T. uses the word "expungement," in his brief, he filed a "motion to seal court records" with the trial court pursuant to R.C. 2953.52. *But see State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 11 (despite amendment to R.C. 2953.32 changing the word "expungement" to "sealing," "'expungement' remains a common colloquialism used to describe the process.").

prejudice,[2] that none of the applicable statutes of limitations had expired and that M.T. had no pending criminal proceedings. *See* R.C. 2953.52(B)(2)(a) and (b). None of these determinations are at issue in this appeal. Moreover, we note that the state did not dispute that M.T. was eligible to apply for sealing.

**{¶ 9}** If a trial court finds an applicant eligible for sealing pursuant to R.C. 2953.52, it must then use its discretion to consider any objections raised by the prosecutor, and it must weigh the applicant's interest in sealing the records against the government's legitimate need to maintain those records. R.C. 2953.52(B)(2)(c) and (d).

**{¶ 10}** The applicant bears the burden of demonstrating that he or she has a legitimate interest in having the records sealed beyond a general privacy interest. *State v. G. F. A.*, 2019-Ohio-4978, 149 N.E.3d 1071, ¶ 10, 14 (8th Dist.). That person must demonstrate that his or her interest in having the records sealed is "'equal to or greater than the government's interest in maintaining those records.'" *State v. Andrasek*, 8th Dist. Cuyahoga No. 81398, 2003-Ohio-32, ¶ 12, quoting *State v. Newton*, 10th Dist. Franklin Nos. 01AP-1443 and 01AP-1444, 2002-Ohio-5008, ¶ 9.

> If the court determines, after complying with [R.C. 2953.52(B)(2)], * * * that the complaint, indictment, or information in the case was dismissed * * *; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records * * *, the court shall issue an order directing that all official records pertaining to the case be sealed * * *.

---

[2] R.C. 2953.52(B)(2)(a) refers to "the complaint, indictment, or information in the case" being dismissed.

R.C. 2953.52(B)(4).

{¶ 11} We review a trial court's determination of whether an applicant's interest outweighs the state's legitimate needs for abuse of discretion. *State v. C.A.*, 10th Dist. Franklin Nos. 14AP-738 and 14AP-746, 2015-Ohio-3437, ¶ 10. "'Abuse of discretion' has been described as including a ruling that lacks a 'sound reasoning process.'" *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 12} Here, as noted, there is no dispute that M.T. was eligible for sealing under R.C. 2953.52. As to his interest in having the records sealed, M.T. argued that even though he had never been found guilty, the mere allegations against him were a "stain," so readily accessible that it has effectively branded him with a "scarlet letter," which operates as a bar to obtaining employment.

{¶ 13} A person's arrest history is so readily available and accessible that potential (and current) employment, family and interpersonal relationships, licenses and even military enlistment could be substantially and adversely affected. Common sense dictates that a criminal record of any kind, let alone charges of this magnitude, i.e. rape, gross sexual imposition and kidnapping, have a tremendously adverse effect on an individual's life and future.

{¶ 14} The state objected to sealing, noting that it could still reindict the case, since it was dismissed without prejudice and the statutes of limitations had not yet expired. At the hearing the prosecutor articulated that this was primarily the reason

for objection. The state claimed that sealing the official record in the case would "substantially inhibit, if not effectively prevent, the possibility of any future prosecution."

{¶ 15} As noted, at the hearing on the application, the parties merely reiterated the content of their written briefs and the prosecutor admitted that "I can't represent to the Court that [reprosecuting M.T.] has any degree of likelihood or probability given that this alleged incident occurred in 2009 and the case was dismissed ten months ago * * *."

{¶ 16} The court denied M.T.'s application, finding that the state's assertion, that "the investigation remains open and a sealing of all pertinent records would prevent law enforcement from accessing said records to conduct any further investigation," outweighed M.T.'s interest in having the records sealed.

{¶ 17} The state of Ohio had eight years to investigate these allegations prior to indictment and another 18 months before they dismissed the case. "Any further investigation" seems to be an incredulous statement.

{¶ 18} The state's argument against sealing was that it should be denied because it could still potentially prosecute M.T. for this offense in the future. The same is true in any case that is dismissed without prejudice where the statute of limitations has not expired. Taken to its logical conclusion, adopting the state's position would require the court to deny any sealing application in any case dismissed without prejudice where the statute of limitations has not expired, essentially excluding any such case from sealing eligibility.

{¶ 19} This cannot be. R.C. 2953.52, by its own terms extends eligibility for sealing to applicants named in cases dismissed without prejudice where the statute of limitations has not expired. *See also State v. Dye*, 152 Ohio St.3d 11, 2017-Ohio-7823, 92 N.E.3d 818, ¶ 12 ("R.C. 2953.52(B)(2)(a)(ii) requires only that a court determine whether the relevant statute of limitations in a case dismissed without prejudice has expired, but this determination is not dispositive of whether the court can grant an application to seal records pursuant to R.C. 2953.52(B)(4).").

{¶ 20} Nevertheless, the trial court adopted the state's argument as its rationale for denying M.T.'s application. By basing its denial on an argument that contravened R.C. 2953.52, the court thereby abused its discretion.

{¶ 21} We reverse the trial court's decision denying M.T.'s R.C. 2953.52 application to seal his official records. We remand the case to the trial court for an order sealing M.T.'s official records in CR-17-617211-A.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, J., CONCURS;
KATHLEEN ANN KEOUGH, P.J., CONCURS IN JUDGMENT ONLY IN PART AND DISSENTS IN PART WITH SEPARATE OPINION

KATHLEEN ANN KEOUGH, P.J., CONCURRING IN JUDGMENT ONLY IN PART AND DISSENTING IN PART WITH SEPARATE OPINION:

{¶ 22} I concur in judgment only with the majority opinion reversing the trial court's decision. However, I dissent in granting M.T.'s application at this time. I would remand the matter for further consideration on whether M.T.'s interests are outweighed by the state's legitimate needs to maintain the records.

{¶ 23} I agree with the majority opinion that denying M.T.'s application on the basis that the statute of limitations has not expired contravenes R.C. 2953.52 because whether the statute of limitations expired is just one factor to consider. Accordingly, because it is not dispositive, I find that the trial court should have discussed and evaluated the state's other justification for denying M.T.'s application — that sealing the official record would "substantially inhibit, if not effectively prevent, the possibility of any future prosecution."

{¶ 24} The trial court noted that the state objected to M.T.'s application because "the investigation remains open and a sealing of all pertinent records would prevent law enforcement from accessing said records to conduct any further

investigation." I find this justification and reasoning entirely vague. Without any additional findings or conclusions, the state's objections in such a speculative manner do not, in my opinion, demonstrate a legitimate need.

{¶ 25} My reading of R.C. 2953.51 and 2953.53 does not reveal that all records would be completely unavailable or inaccessible to law enforcement officers or agencies. In fact, the statutes only applies to "official records" and expressly provides an exception regarding certain records that do not qualify as official records such as investigatory work product. *See also* R.C. 2953.54 and 2953.55.

{¶ 26} However, I do not believe that the state should be entirely foreclosed from presenting this argument if the sealing of the records would actually inhibit further prosecution. For example, if a victim or witness was incapacitated or unavailable due to possible nefarious actions by the defendant, then the state may have a legitimate need to maintain the records in order to prosecute the case prior to the statute of limitations expiring.

{¶ 27} In my opinion the record is just not developed enough to decide whether M.T.'s interests are outweighed by the state's legitimate needs to maintain the records. I would remand the case for further consideration of M.T.'s stated interests and what, if any, records would be unavailable to the state if it decided to pursue to the charges against M.T. in the future. Additionally, I would further request the state to make a record of why the investigation is still ongoing and what obstacles it faces in the prosecution of this matter, considering that M.T. appeared

for trial six times.  This additional information would allow the trial court to make an informed decision on whether M.T.'s application should be granted.