[Cite as *State v. Reiner*, 2016-Ohio-5520.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103775**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TIMOTHY REINER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-02-414954-ZA

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 25, 2016

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:     Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Timothy Reiner ("Reiner"), appeals from the trial court's denial of his application to seal certain criminal court records pursuant to R.C. 2953.52. He raises the following assignment of error for our review:

1. The trial court abused its discretion in denying appellant's motion to seal records under R.C. 2953.52.

{¶2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural History

{¶3} In July 2002, Reiner was charged by information with two counts of attempted aggravated murder of a police officer in violation of R.C. 2923.02 and R.C. 2903.01. Following a psychiatric evaluation, Reiner was found not guilty by reason of insanity and was deemed to meet the criteria of a mentally ill person subject to involuntary hospitalization by court order. In November 2002, the trial court issued a civil commitment order, finding the least restrictive treatment alternative consistent with Reiner's treatment needs was at the Timothy B. Moritz Forensic Unit at the Twin Valley Psychiatric System in Columbus, Ohio.

{¶4} In November 2012, the trial court terminated Reiner's commitment without objection from the state. In February 2015, Reiner filed an application to seal the record of his arrest pursuant to R.C. 2953.52. The state filed a brief in opposition to the application in May 2015. In October 2015, the matter proceeded to a hearing before the trial court.

{¶5} At the hearing, Reiner indicated that despite having an accounting degree, he was working at a minimum wage job and was unable to find suitable employment due to the public

accessability of his arrest record. In opposing Reiner's application, the state argued it has a legitimate governmental interest in maintaining records of the arrest based on the nature of the charges involved and the seriousness of the injuries sustained by police officers.

{¶6} Following the hearing, the trial court issued a journal entry denying Reiner's application to seal the record of his arrest, stating, in pertinent part:

> After hearing from the parties and considering all of the evidence in this matter, the defendant's motion for sealing the records of arrest pursuant to R.C. 29953.52 * * * is denied.

{¶7} Reiner now appeals from the trial court's judgment.

## II. Law and Analysis

{¶8} In his sole assignment of error, Reiner argues the trial court abused its discretion in denying his motion to seal records pursuant to R.C. 2953.52.

{¶9} R.C. 2953.52 provides that "any person, who is found not guilty of an offense by a jury or a court * * * may apply to the court for an order to seal his official records in the case." R.C. 2953.52(A)(1). Upon filing such an application, the trial court must hold a hearing (1) to determine whether the applicant was found not guilty or whether the complaint, indictment, or information was dismissed; (2) to determine whether criminal proceedings are pending against the applicant; (3) to consider any objections of the prosecutor; and (4) to weigh the interests of the applicant to seal the record against the legitimate needs, if any, of the government to maintain those records. R.C. 2953.52(B)(1)-(2).

{¶10} If the court determines, after complying with division (B)(2), that (1) the complaint, indictment, or information in the case was dismissed, (2) that no criminal proceedings are pending against the person, and (3) that the interest of the person having the records pertaining to the case are not outweighed by any legitimate governmental needs to maintain such records, then "the

court shall issue an order directing that all official records pertaining to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred." R.C. 2953.52(B)(4).

{¶11} Relevant to the circumstances of this case, R.C. 2953.52 applies equally to those individuals who have been found not guilty by reason of insanity. *State v. Z.J.*, 8th Dist. Cuyahoga No. 87912, 2007-Ohio-552, ¶ 15, citing *State v. Schwartz*, 1st Dist. Hamilton No. C-040390, 2005-Ohio-3171.

{¶12} Generally, we will not reverse a trial court's decision concerning an application filed under R.C. 2953.52 absent an abuse of the court's discretion. *State v. Andrasek*, 8th Dist. Cuyahoga No. 81398, 2003-Ohio-32, ¶ 11. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶13} In this case, it is undisputed that Reiner was found not guilty of all charges by reason of insanity and that there were no criminal proceedings pending against him at the time of the October 2015 hearing. Moreover, the trial court's journal entry reflects that it considered all evidence and adequately balanced the competing interests of the parties before determining that Reiner's interest in obtaining gainful employment was not outweighed by the legitimate needs of the government to maintain the records. Thus, the only issue before this court is whether the trial court abused its discretion in finding that Reiner's interest in having his arrest record sealed were outweighed by the state's legitimate governmental need to maintain the record.

{¶14} In challenging the trial court's judgment, Reiner argues the state failed to articulate "a legitimate interest in keeping the record open because it only relied upon the nature of the charges as its sole objection to the motion." We disagree with Reiner's characterization of the state's objection.

**{¶15}** We recognize that the "nature of the offense * * * cannot provide the sole basis to deny an application." *See State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, ¶ 22, quoting *State v. Haas*, 6th Dist. Lucas No. L-04-1315, 2005-Ohio-4350, ¶ 24, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001). In this case, however, the state did not merely object to Reiner's motion to seal his arrest record based on the inherent nature of an attempted murder charge. Instead, the state further argued the government had a legitimate need to maintain Reiner's arrest record because the offenses were committed against police officers who sustained serious and life threatening injuries. We find the state's argument to be persuasive.

**{¶16}** Given the nature of the charges, the seriousness of the injuries sustained by the police officers, and Reiner's history of mental illness, it was not unreasonable for the trial court to "put transparency and the government's awareness of the charges" ahead of Reiner's personal interests. *See State v. Myers*, 2d Dist. Clark No. 2015-CA-88, 2016 Ohio App. LEXIS 2659 (July 8, 2016). While Reiner was not convicted of the attempted murder offenses at issue, we find the government has a substantial interest in preserving public and police safety by maintaining Reiner's arrest record and providing the police with all relevant information in the event they are required to interact with Reiner in the future. Accordingly, the trial court did not abuse its discretion in denying Reiner's application to seal his arrest record.

**{¶17}** Reiner's sole assignment of error is overruled.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR