[Cite as *State v. W.C.*, 2018-Ohio-1182.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105353**

## STATE OF OHIO

PLAINTIFF -APPELLEE

vs.

## W.C.

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-594927-A

**BEFORE:** Keough, P.J., Blackmon, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 29, 2018

**ATTORNEYS FOR APPELLANTS**

Mark Stanton
Cuyahoga County Public Defender
By: Noelle A. Powell
        Cullen Sweeney
Assistant Public Defenders
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEES**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Diane Smilanick
Assistant County Prosecutor
Justice Center
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, W.C., appeals from the trial court's decision denying his motion to seal his arrest record. Finding merit to the appeal, we reverse the trial court's decision and remand for further proceedings.

{¶2} In 2015, W.C. was named in a ten-count indictment charging him with rape, kidnapping, and gross sexual imposition; sexual motivation specifications were attendant to the kidnapping charges. A jury subsequently found W.C. not guilty on all counts.

{¶3} In February 2016, W.C. filed a motion pursuant to R.C. 2953.52 to seal court records following a not guilty verdict. The state opposed the motion contending that W.C.'s motion should be denied because of the nature of the offenses and his prior criminal history.

{¶4} In July 2016, the trial court conducted a hearing on W.C.'s motion. W.C. requested that his arrest record be sealed because he has been unable to secure employment following his arrest on the charges, despite being honorably discharged from the military. W.C. explained that employers have denied him jobs, for which he is otherwise qualified and in areas he has previously worked, solely due to the instant case where he was acquitted of all charges. He further explained that without meaningful employment, he is unable to support himself and his family. The state again reiterated that it objected to sealing W.C.'s arrest record in this case because of the "nature of the charges" and his "extensive record of arrest and convictions."

**{¶5}** The trial court reviewed W.C.'s arrest and conviction history, which consisted exclusively of nonviolent misdemeanors. The most serious misdemeanor conviction occurred in 2010 where he was convicted of having a drug of abuse, a misdemeanor of the first degree. The court also reviewed W.C.'s employment history prior to his arrest and his subsequent attempts to find employment.

**{¶6}** In December 2016, the trial court issued a journal entry denying W.C.'s motion. The court stated:

> After hearing arguments from the state and defense, hearing from the defendant and in consideration of the briefs filed in the instant matter and a review of the defendant's past criminal history, the legitimate needs of the government to maintain those records outweigh the defendant's interest in sealing his record.

**{¶7}** W.C. now appeals, raising two assignments of error. Finding merit to his second assignment of error, it will be addressed first.

**{¶8}** In his second assignment of error, W.C. contends that the trial court failed to articulate and create a record for this court to engage in a meaningful appellate review. We agree.

**{¶9}** R.C. 2953.52 allows for the records of a case to be sealed when a defendant is found not guilty, the case was dismissed, or a grand jury returned a no bill. Subsection (B)(2)(d) provides that after eligibility under the statute has been determined, the trial court must "weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records."

**{¶10}** "It is the defendant's burden to set forth his legitimate reasons, as opposed to a general privacy interest, why the record should not remain open to the public." *State v. Delgado*, 8th Dist. Cuyahoga No. 102653, 2015-Ohio-5256, ¶ 10, citing *In re J.D.*, 2013-Ohio-4706, 1 N.E.3d 434, ¶ 8 (8th Dist.). If the state opposes the motion, it must show that its legitimate governmental interests outweigh the defendant's interests. R.C. 2953.52(B)(1). The trial court then must engage in the balancing test required by R.C. 2953.52(B)(2) and set forth in the record its findings indicating that it weighed the requisite interests of the defendant and the state as required by the statute.

**{¶11}** Moreover, the sealing statutes are considered remedial and are, therefore, to be liberally construed to promote their purpose and assist the parties in obtaining justice. *State v. C.A.*, 10th Dist. Franklin Nos. 14AP-738 and 14AP-746, 2015-Ohio-3437, ¶ 11, citing *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622, 716 N.E.2d 204 (1999); *see also* R.C. 1.11; *Barker v. State*, 62 Ohio St.2d 35, 42, 402 N.E.2d 550 (1980). Reviewing courts generally will not reverse a trial court's decision concerning an application filed under R.C. 2953.52 absent an abuse of discretion. *State v. Andrasek*, 8th Dist. Cuyahoga No. 81398, 2003-Ohio-32, ¶ 13.

**{¶12}** In this case, this court cannot discern from the record what discretion the trial court used. Accordingly, we are unable to engage in meaningful appellate review of the trial court's decision because the trial court did not set forth any findings indicating the requisite interests of the defendant and the state.

{¶13} This court has previously considered and reversed trial court decisions that deny applications pursuant to R.C. 2953.52 when the court fails to place its findings on the record for appellate review or the record is insufficient for a reviewing court to engage in meaningful review of the trial court's decision. *See, e.g., Cleveland v. Hogan*, 8th Dist. Cuyahoga No. 85214, 2005-Ohio-3167, ¶ 11-12 (finding that although court may have considered facts relative to the R.C. 2953.52(B) findings, the findings were not placed on the record); *Cleveland v. Cooper-Hill*, 8th Dist. Cuyahoga No. 84164, 2004-Ohio-6920. *See also State v. Haas,* 6th Dist. Lucas No. L-04-1315, 2005-Ohio-4350 (trial court did not demonstrate its exercise of discretion on the record in order to facilitate meaningful appellate review); *State v. Widder*, 146 Ohio App.3d 445, 449, 766 N.E.2d 1018 (9th Dist.2001) (court must make the necessary findings under R.C. 2953.52(B)(2) and weigh the interests of the parties); *State v. Tyler*, 10th Dist. Franklin No. 00AP-1331, 2001 Ohio App. LEXIS 2869 (June 28, 2001) (R.C. 2953.52(B)(2) requires the trial court to weigh the parties' interests from an equal basis).

{¶14} In this case, the trial court did not make any findings on the record during the hearing or in its journal entry prior to denying W.C.'s motion to seal court records following a not guilty verdict. According to its journal entry, the trial court denied W.C.'s application after considering the arguments presented at the hearing and those raised in the briefs, and reviewing "the defendant's past criminal history." However, even if this court considers the same arguments and criminal history, we are unable to determine what discretion the court used. The state maintained that its interest

outweighed W.C.'s interest because of his criminal history and the nature of the offenses. The nature of the offense, however, "cannot provide the sole basis to deny an application." *State v. Reiner*, 8th Dist. Cuyahoga No. 103775, 2016-Ohio-5520, ¶ 15. Moreover, a few nonviolent, low-level misdemeanor convictions is hardly extensive or a basis to deny an application to seal an arrest record resulting in a ten-count indictment containing serious first-degree felony offenses from which a jury found him not guilty on all counts.

{¶15} Nevertheless, without the trial court setting forth in the record its findings indicating the requisite interests of the defendant and the state, and weighing those interests against each other, this court cannot engage in meaningful appellate review of the trial court's decision denying W.C.'s motion to seal his arrest record. Accordingly, W.C.'s second assignment of error is sustained. Having sustained this assignment of error, his first assignment of error challenging the trial court's decision denying his motion to seal his arrest record, is rendered moot.

{¶16} Judgment reversed and case remand to the trial court to issue findings in accordance with R.C. 2953.32, weighing the interests of W.C. against the state's interest.

It is ordered that appellant recover of appellee costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
FRANK D. CELEBREZZE, JR., J., DISSENTS


FRANK D. CELEBREZZE, JR., J., DISSENTING:

{¶17} I must respectfully dissent from the majority's conclusion that this court cannot engage in meaningful appellate review of the trial court's decision denying W.C.'s application to seal the criminal court records.

{¶18} The majority asserts that the trial court did not set forth any findings indicating the requisite interests of W.C. and the state. R.C. 2953.52 does not, however, require the trial court to delineate findings of fact or conclusions of law. *See State v. Long*, 12th Dist. Butler Nos. CA2014-08-176 and CA2014-09-188, 2015-Ohio-821, ¶ 9.

{¶19} The trial court's journal entry denying W.C.'s application provides, in relevant part,

> [a]fter hearing arguments from the state and defense, hearing from [appellant] and in consideration of the briefs filed in the instant matter and a review of [appellant's] past criminal history, the legitimate needs of the government to maintain those records outweigh [appellant's] interest in sealing his record. Therefore, after weighing the interest of sealing [appellant's] records against the legitimate need of the government to maintain those records, [appellant's] motion to seal court records following not guilty verdict is hereby denied.

{¶20} In my view, although the trial court did not specifically set forth W.C.'s and the state's interests on the record, nor specify these interests in its journal entry, the trial court created an adequate record upon which this court can engage in meaningful

appellate review of the trial court's judgment by referencing the interests that the parties set forth in their briefs and presented during the hearing on W.C.'s application.

{¶21} In the state's brief in opposition to W.C.'s application to seal, the state indicated that it opposed the application "because of the nature of the case and because of [W.C.'s] extensive record of arrests and convictions. The State of Ohio has a legitimate interest in maintaining these records of [W.C.'s arrest] that outweighs [W.C.'s] interest in having it sealed." In his reply brief in support of the application to seal, W.C. stated that the records could have a "damaging effect" on the professional opportunities available to him, have a "day-to-day impact" on his psyche and self-image, and will continue to hamper his efforts to move forward with his life.

{¶22} The parties also presented their interests at the trial court's hearing on W.C.'s application. W.C.'s counsel asserted that W.C. was not able to find a permanent job as a result of the criminal records. W.C. explained that he had been denied employment at Best Buy, Uber, and Advanced Auto Parts due to the public accessibility of his arrest record. He asserted that he wanted to move on with his life. The trial court thoroughly questioned W.C. regarding his employment history before he was arrested in 2015, the positions he applied for after his arrest, how he supported his family after his arrest, and whether he would be able to find employment if the records were not sealed.

{¶23} In opposing W.C.'s application, the state argued it had a legitimate governmental interest in maintaining records of the arrest based on the nature of the

charges involved and W.C.'s extensive record of arrests and convictions. The trial court confirmed that the state objected to the application "based on [W.C.'s] arrests and record that goes back to 2000[.]" (Tr. 12.)

{¶24} The majority correctly recognizes that the nature of the offense cannot provide the *sole basis* to deny an application. *Reiner*, 8th Dist. Cuyahoga No. 103775, 2016-Ohio-5520, at ¶ 15. However, in this case, the state did not merely object to W.C.'s application based on the inherent nature of the rape, gross sexual imposition, and kidnapping charges. In addition to the nature of the charges, the state argued that it had a legitimate need to maintain the arrest record because W.C. has an "extensive record of arrests and convictions." (Tr. 11.) The trial court reviewed W.C.'s record of arrests and convictions during the hearing on the application to seal.

{¶25} It is undisputed that appellant was not convicted of the rape, gross sexual imposition, and kidnapping offenses charged in the indictment. Given the nature of the charges, however, I cannot conclude that it was unreasonable for the trial court to "'put transparency and the government's awareness of the charges'" before W.C.'s personal interests. *Reiner* at ¶ 16, quoting *State v. Myers*, 2d Dist. Clark No. 2015-CA-88, 2016-Ohio-4893, ¶ 16. Although W.C. was acquitted, there was probable cause to believe he committed the offenses charged in the indictment, and thus, there is still a reasonable concern that W.C. could engage in similar conduct in the future. *See Myers* at ¶ 16. Under these circumstances, I believe that it was entirely reasonable for the trial court to conclude that the state's awareness of the offenses charged in the indictment,

which promotes the government's interests in protecting the public and preserving public safety, outweighed W.C.'s ability to obtain employment and move forward with his life. *See Reiner* at ¶ 16; *Myers* at ¶ 16.

{¶26} Although the trial court did not specifically identify the parties' interests on the record or in its journal entry, the record reflects that the trial court considered and balanced the competing interests set forth in the parties' briefs and during the hearing on W.C.'s application in determining that W.C.'s interest in having the record sealed was outweighed by the state's legitimate governmental need to maintain the record. In my view, the trial court, in considering and weighing the interests it referenced in its journal entry, created an adequate record based upon which this court can engage in meaningful appellate review of the trial court's decision denying W.C.'s application. Therefore, I would overrule W.C.'s second assignment of error.

{¶27} Furthermore, regarding W.C.'s first assignment of error, I would find that the record, including the trial court's December 1, 2016 journal entry denying W.C.'s application, reflects that the trial court complied with R.C. 2953.52. As noted above, the trial court considered all of the evidence and adequately balanced the competing interests set forth in the parties' briefs and during the hearing on W.C.'s application before determining that W.C.'s interest in having the record sealed was outweighed by the state's legitimate governmental need to maintain the record. Accordingly, I find no basis to conclude that the trial court abused its discretion in finding that the state's legitimate

government need in maintaining the records outweighed W.C.'s interest in having the record sealed.

{¶28} For all of the foregoing reasons, I must respectfully dissent. I would affirm the trial court's judgment in its entirety.