[Cite as *State v. G.F.A.*, 2019-Ohio-4978.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108113 |
| v. | : | |
| G. F. A., | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 5, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-611801-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and David M. King, Assistant Public Defender, *for appellant.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, G.F.A., appeals from the trial court's denial of his motion to seal his record. For the reasons set forth below, we reverse and remand.

{¶ 2} In December 2016, G.F.A. was charged with felonious assault and domestic violence. The charges allege that G.F.A. physically assaulted his mother, who was 76 years old at the time. The matter was set for trial on March 27, 2017. Prior to the start of trial, the state dismissed the matter in light of the lack of cooperation of the victim, G.F.A.'s mother. The state also indicated that based on conversations with the mother, the events did not occur as she had reported to the police. The trial court granted the dismissal without prejudice, noting that the "victim [is] not available and has recanted. [G.F.A.] advised to stay away from victim and he agreed. [G.F.A.] is leaving the area for employment elsewhere."

{¶ 3} One year later, in December of 2017, G.F.A. filed a motion to seal his record. The state opposed, and the trial court held a hearing on the matter. At the hearing, defense counsel advised the trial court that the case had been dismissed by the state and G.F.A. hoped to relocate to Florida. The state objected, noting that the case was dismissed because the elderly victim was injured and unable to come to court to testify. The state noted that it would reindict if it received more information. At the conclusion of the hearing, the trial court took the matter under advisement. Thereafter, the court issued a journal entry denying G.F.A.'s motion. The entry stated: "[G.F.A.'s] motion to seal court records denied. Based on the expungement investigation report."

{¶ 4} It is from this order G.F.A. appeals, raising the following two assignments of error for review:

Assignment of Error No. 1

The trial court abused its discretion in denying [G.F.A.'s] motion for expungement as it failed to properly weigh the competing interests in the sealing of [G.F.A.'s] records.

Assignment of Error No. 2

The trial court failed to articulate and create a record for this Court to engage in a meaningful appellate review.

{¶5} In the first assignment of error, G.F.A. argues that the trial court failed to properly weigh his interests when it denied his motion to seal his record.

{¶6} In *State v. C.K.*, 8th Dist. Cuyahoga No. 99886, 2013-Ohio-5135, this court explained the standard of review of a ruling on a motion to seal a record of conviction as follows:

> In general, a trial court's decision to grant or deny a request to seal records is reviewed under an abuse of discretion standard. *In re Fuller*, 10th Dist. Franklin No. 11AP-579, 2011-Ohio-6673, ¶ 7. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218, ¶ 25.

*Id.* at ¶ 10.

{¶7} R.C. 2953.52 sets forth the procedure by which trial courts may seal a defendant's record following a dismissal of the charges. R.C. 2953.53(A)(1) provides that "[a]ny person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case." Once the defendant files the application, "the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor

may object to the granting of the application by filing an objection with the court prior to the date set for the hearing" and specifying in the objection the reasons the prosecutor believes justify a denial of the application. R.C. 2953.52(B)(1).

{¶ 8} In considering the application, the trial court shall:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed * * *; (ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

R.C. 2953.52(B)(2)(a)-(d).

{¶ 9} If the court determines, after complying with R.C. 2953.52(B)(2), that (1) the complaint, indictment, or information in the case was dismissed; (2) that no criminal proceedings are pending against the person; and (3) that the interest of the person having the records pertaining to the case are not outweighed by any legitimate governmental needs to maintain such records, then "the court *shall issue* an order directing that all official records pertaining to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred." (Emphasis added.) R.C. 2953.52(B)(4).

{¶ 10} It is the defendant's burden to demonstrate legitimate reasons, as opposed to a general privacy interest, why the records should not remain open to the public. *State v. J.D.*, 8th Dist. Cuyahoga No. 99521, 2013-Ohio-4706, 1 N.E.3d 434, ¶ 8, *discretionary appeal not allowed*, 2014-Ohio-1182, 2014 Ohio LEXIS 674 (Mar. 26, 2014), citing *State v. Haney*, 70 Ohio App.3d 135, 590 N.E.2d 445 (10th Dist.1991). "Once this burden is met and those needs outweigh the legitimate interests of the state in maintaining the records, the application should be freely granted." *Id.*, citing *State v. Garry*, 173 Ohio App.3d 168, 2007-Ohio-4878, 877 N.E.2d 755 (1st Dist.).

{¶ 11} Here, G.F.A. offered the following reasons for sealing his record before the trial court:

> [DEFENSE COUNSEL]: This is a matter that had been dismissed. There was a family dispute that resulted in charges of a very serious nature. However, before the case even came to trial, the prosecutor did dismiss it.
>
> There was, in fact, a later indication by the prosecution after that had been taken care of that information would then be presented to ICE authorities as to a 2010 disorderly conduct, an M-4.
>
> So even though the case was dismissed, [G.F.A.] was then contacted by ICE. He did go through interviews with them. They determined that that certainly was no reason to challenge his status here in the United States.
>
> He is seeking a sealing of the dismissal. He hopes to move to Florida soon, live in the Tampa area. He is OPOTA certified for security, believes that he has a line on a job down in that part of the country that would serve not only himself, but this country well in doing security.
>
> And, Judge, so for those reasons, he is an eligible offender and asking for the Court to seal the record of this matter.

(Tr. 6-7).

{¶ 12} The state, on the other hand, contended that:

[e]ven though this was a dismissed case, it was dismissed because the elderly victim was unable to come to court to testify. The elderly victim was injured, and we're objecting.

A dismissal doesn't mean innocence. And the note says that if we get more information, we would reindict.

(Tr. 7-8).

{¶ 13} These reasons are different than the reasons offered by the state before trial. Prior to the start of trial, the state moved to dismiss the case because the victim, G.F.A.'s mother, was uncooperative. The state indicated that based on conversations with the mother, the events did not occur as she had reported to the police. At the hearing to seal G.F.A's record, the state contended that the records should not be sealed because the elderly victim was unable to come to court to testify and made the general argument that a dismissal does not equate to innocence.

{¶ 14} It is G.F.A.'s burden to demonstrate legitimate reasons as to why his record should be sealed, and based on the foregoing, we find that G.F.A. has met his burden. G.F.A.'s application is based on his belief that he will obtain gainful employment in security. Defense counsel stated that G.F.A. "is seeking a sealing of the dismissal. He hopes to move to Florida soon, live in the Tampa area. He is OPOTA certified for security, believes that he has a line on a job down in that part of the country that would serve not only himself, but this country well in doing security." (Tr. 7). The state opposed because the victim did not come to trial and "a dismissal doesn't mean innocence." G.F.A.'s need for employment outweighs the

state's general need to maintain the record. R.C. 2953.52(B)(2)(c)-(d). Additionally, it is undisputed that the underlying criminal complaint was dismissed and that no charges were pending against G.F.A. R.C. 2953.52(B)(2)(a)-(b).

{¶ 15} Having met this burden, the trial court should have granted G.F.A.'s application as set forth in R.C. 2953.52(B)(4), which provides that "the court *shall* issue and order directing that all official records pertaining to the case be sealed" if the complaint was dismissed, no criminal proceedings are pending, and the interest of the person having the records pertaining to the case are not outweighed by any legitimate governmental needs to maintain such records. (Emphasis added.)

{¶ 16} Indeed, R.C. 2953.32 "is to be liberally construed, the relief available is to be liberally granted, and it is an abuse of discretion not to do so." *State v. Hilbert*, 145 Ohio App.3d 824, 828, 764 N.E.2d 1064 (8th Dist.2001). *See State v. Clellan*, 10th Dist. Franklin No. 10AP-44, 2010-Ohio-5867, ¶ 19 (where the Tenth District Appeals Court found that neither the state nor the trial court's decision articulated a legitimate government interest to support a decision to deny the defendant's application to seal her records. As a result, the trial court's judgment was reversed and the matter was with instructions to grant defendant's application to seal her record under R.C. 2953.52). *See also Gehris v. State*, 9th Dist. Wayne No. 99CA0060, 2000 Ohio App. LEXIS 3975 (Aug. 30, 2000). G.F.A. should not be saddled with a criminal arrest record when the state walked away from the prosecution.

**{¶ 17}** Therefore, we find that the trial court abused its discretion in denying G.F.A.'s motion to seal his record.

**{¶ 18}** Accordingly, the first assignment of error is sustained.

**{¶ 19}** In the second assignment of error, G.F.A. argues the trial court failed to articulate and create a record for meaningful appellate review. However, our disposition of the first assignment of error renders this assignment of error moot. App.R. 12.

**{¶ 20}** The dissent finds that our decision relieves defendants from meeting their burden when applying to seal their records. In support of its contention, the dissent relies on *J.D.*, maintaining that *J.D.* is similar to the instant case. The facts of *J.D.*, however, are vastly different from the instant case. It has a complex, legal history in multiple courts, spanning over 25 years involving an aggravated murder death-penalty conviction. In the instant case, three months passed from the time G.F.A. was indicted to the time the state decided not to prosecute the matter, and G.F.A. sought to seal his record within one year from the time he was indicted. Moreover, there has never been a finding of guilt against G.FA, and unlike G.F.A, J.D. did not meet his burden to demonstrate legitimate reasons why his record should not remain open to the public.

**{¶ 21}** In *J.D.*, the defendant, J.D., was charged with two counts of aggravated murder with death penalty specifications, kidnapping, and aggravated burglary, in connection with the death of Anthony Klann. The matter was tried to a three-judge panel, which found J.D. guilty of all counts. J.D. was sentenced to death,

and a consecutive 10 to 25-year term of imprisonment was imposed on the other charges. *J.D.*, 8th Dist. Cuyahoga No. 99520, 2013-Ohio-4472, at ¶ 2.

{¶ 22} Following various unsuccessful state and federal challenges to his conviction, J.D. filed a writ of habeas corpus in the United States District Court for the Northern District of Ohio. The petition included a claim that the prosecution had failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The district court granted his petition, finding that most of the evidence that J.D. introduced to support his *Brady* claim was withheld by the prosecution and that J.D.'s due process rights were in fact violated. The district court ordered the state to set aside J.D.'s conviction and sentence or conduct another trial within 180 days. The Sixth District Court of Appeals upheld the district court's decision. *Id.* at ¶ 3.

{¶ 23} On remand, after further discovery violations by the state and the failure to retry J.D. within the time allowed by federal court, the federal district court barred retrial of J.D. *Id.* at ¶ 4-6. The Sixth Circuit affirmed the writ barring J.D.'s reprosecution. *Id.* at ¶ 6.

{¶ 24} Thereafter, J.D. filed a motion to seal the records. He alleged that sealing was necessary to allow him to "be able to pursue the remainder of his life without being saddled with the public record of this case." *J.D.*, 8th Dist. Cuyahoga No. 99521, 2013-Ohio-4706, 1 N.E.3d 434, at ¶ 3. The state opposed the motion, arguing that the state needed access to the records in three other matters: the retrial and appeal of a codefendant and two civil suits filed by J.D. against the state. *Id.*

The trial court held a hearing on J.D.'s motion, at which it heard from J.D.'s attorney, the public defender's office, and the state. The court granted the motion, finding that the indictment against J.D. was dismissed, he was not facing any pending criminal charges, and "the interest of the applicant in having the records pertaining to the case sealed are not outweighed by any legitimate needs of the government to maintain those records." *Id.* at ¶ 4. The state then appealed.

{¶ 25} On appeal, the state argued the trial court abused its discretion when it sealed "all official records pertaining to this case" because J.D.'s records were required for an ongoing criminal case and two civil cases. *Id.* at ¶ 4. This court agreed with the state, finding that trial court abused its discretion when it granted J.D.'s motion because "J.D. offered no justification for the sealing of the records of his investigation and indictment apart from a general privacy interest, and the state offered a significant justification beyond the public's right to open records." *Id.* at ¶ 18.

{¶ 26} J.D. argued his records should be sealed because: "(1) the prior expungement ordered by the federal court, (2) that he was saddled with public records of arrest and indictment, and (3) that he was living a law-abiding life and was gainfully employed." *Id.* at ¶ 9. The *J.D.* court found that "the first reason does not present a justification for further sealing because the parameters of the federal court order were complied with, and the records of J.D.'s trial and conviction were expunged pursuant to that order." *Id.* at ¶ 10. With regard to the second and third reasons, the *J.D.* court noted that J.D. asserted only a general privacy argument

supporting his motion and indicated he had no issues gaining employment despite the existence of the records he sought to seal. *Id.* at ¶ 11. The state, on the other hand, asserted a legitimate need to use records associated with its investigation in the civil suits J.D. filed seeking damages from the state's violation of his constitutional rights and relying on events and information from J.D.'s trial. *Id.* at ¶ 15.

{¶ 27} These facts and circumstances are completely different from the state's decision in the instant case to dismiss the charges against G.F.A. In *J.D.*, his death penalty conviction by a three-judge panel was overturned by federal court due to discovery violations by the state and its the failure to retry J.D. within the time allowed by federal court. This is in stark contrast to the instant case. Here, G.F.A. never went to trial, nor was he convicted. Rather, his domestic violence and felonious assault charges were dismissed because the state failed to prosecute. J.D. was tried and convicted of a capital offense, and after years of legal maneuvering through the state and federal courts, the state ultimately chose not to prosecute him timely.

{¶ 28} Moreover, J.D. did not meet his burden demonstrating legitimate reasons as to why his record should be sealed. At his hearing, J.D. expressed he was "gainfully employed." Whereas, the exact opposite was conveyed at G.F.A.'s hearing. G.F.A.'s defense counsel stated that G.F.A. needs his record sealed because he believes he has a gainful employment opportunity in Florida. (Tr. 7). Additionally, in opposing G.F.A.'s motion, the state argued the elderly victim was injured and "a

dismissal doesn't mean innocence." This argument is completely different from the state's argument in J.D. In *J.D.*, J.D.'s criminal records were necessary for the civil suits he initiated against the state. Here, the record is clear that G.F.A. did not have any ongoing cases at the time of his motion to seal his record, let alone any civil cases related to his criminal case.

{¶ 29} Accordingly, judgment is reversed, and the matter is remanded to the trial court with instructions to grant G.F.A.'s application to seal his record under R.C. 2953.52.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
MARY J. BOYLE, J., DISSENTS WITH SEPARATE OPINION

MARY J. BOYLE, J., DISSENTING:

{¶ 30} I respectfully dissent. The majority's opinion relieves defendants from carrying their burden on an application to seal criminal convictions and belies opinions from this court and other courts that require defendants to demonstrate

legitimate reasons, as opposed to a general privacy interest, as to why the records should not remain open to the public. *J.D.*, 8th Dist. Cuyahoga No. 99521, 2013-Ohio-4706, at ¶ 8, citing *Haney*, 70 Ohio App.3d 135, 590 N.E.2d 445; *State v. W.C.*, 8th Dist. Cuyahoga No. 105353, 2018-Ohio-1182, ¶ 10; *State v. Delgado*, 8th Dist. Cuyahoga No. 102653, 2015-Ohio-5256, ¶ 10; *State v. Andrasek*, 8th Dist. Cuyahoga No. 81398, 2003-Ohio-32, ¶ 12. In this case, G.F.A. clearly did not carry his burden to demonstrate a legitimate reason for sealing, and as a result, I disagree with the majority that the trial court abused its discretion and that its decision was unreasonable, arbitrary, or unconscionable.

{¶ 31} As written, the majority's opinion undermines the well-established burden that defendants must carry when applying to seal their records, which requires more than "a general privacy interest" and "merely reciting the statutory requirements" and stating that the defendant qualifies for sealing. *J.D.* at ¶ 11; *State v. Wilson*, 10th Dist. Franklin Nos. 13AP-684 and 13AP-685, 2014-Ohio-1807, ¶ 17. Going forward, the majority's opinion will allow defendants to ignore long-standing precedent and rely merely on their eligibility to have their records sealed.

{¶ 32} In recognizing that "[i]t is the defendant's burden to demonstrate legitimate reasons, as opposed to a general privacy interest, why the records should not remain open to the public[,]" the majority cites to *State v. J.D.* In *J.D.*, the defendant applied to seal his records, and in his application, the defendant "alleged that sealing was necessary to allow him to 'be able to pursue the remainder of his life without being saddled with the public record of his case.'" *Id.* at ¶ 3. While the trial

court held a hearing, the defendant did not offer any evidence in support of his application. Nevertheless, the trial court granted his application. On appeal, we found that the trial court abused its discretion in granting the defendant's application because he failed to carry his burden to demonstrate that his need for sealing outweighed the legitimate interests of the state. We noted that the defendant only alleged "a general privacy interest possessed by all individuals" and that he "indicated he had no issues gaining employment despite the existence of the records he sought to seal." *Id.* at ¶ 11. Accordingly, we found that the defendant "offered no justification for the sealing of the records of his investigation and indictment[.]" *Id.* at ¶ 18.

{¶ 33} This case is similar to *J.D.* G.F.A.'s application only stated, "On December 7, 2016, [G.F.A] was charged with felonious assault and domestic violence. On March 27, 2017, the case was dismissed. In this instance, [G.F.A.] is now eligible to have the record sealed." In other words, G.F.A. did not set forth any legitimate reasons in support of his application other than the fact that he was eligible for sealing, which is not enough to satisfy his burden. *See State v. Hooks*, 10th Dist. Franklin No. 15AP-522, 2016-Ohio-3138, ¶ 14 ("[A]ppellee failed to 'present testimony or any evidence' to demonstrate his interest in having his record sealed" as his application only said he qualified for sealing under R.C. 2953.52); *State v. Draper*, 10th Dist. Franklin No. 14AP-791, 2015-Ohio-1781, ¶ 11 ("[A]ppellee did not present testimony or any evidence to demonstrate her interest in having the record of her dismissals sealed. Appellee merely provided an application stating that

she qualified for sealing of records under R.C. 2953.52, and therefore failed to meet her burden of proof under R.C. 2953.52."); *Wilson* at ¶ 17 (defendant's recital of statutory language showing he was eligible for sealing was insufficient to meet his burden); *State v. Moore*, 5th Dist. Stark No. 2012CA00047, 2012-Ohio-4483, ¶ 15 ("The mere fact of an acquittal does not require the sealing of records.").

{¶ 34} Turning to the hearing, G.F.A. did not present any evidence in support of his application. Instead, his attorney stated, "[G.F.A.] is seeking a sealing of the dismissal. He hopes to move to Florida soon, live in the Tampa area. He is OPOTA certified for security, believes that he has a line on a job down in that part of the country that would serve not only himself, but this country well in doing security." In other words, G.F.A.'s attorney only stated that G.F.A. wanted to move to Florida because he had a job opportunity there and that G.F.A. was eligible for sealing, but in no way indicated that the charges were impeding his efforts to locate a job or move to Florida.

{¶ 35} Foremost, the reasons offered by G.F.A.'s attorney do not constitute legitimate reasons that satisfy G.F.A.'s burden. Those statements do not indicate that the records which G.F.A. wishes to seal are affecting his employment opportunities or ability to earn a living. *See State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 16 ("While A.V. was present at the hearing, he did not testify or present evidence of his career goals and his efforts towards obtaining those career goals."); *J.D.*, 8th Dist. Cuyahoga No. 99521, 2013-Ohio-4706, at ¶ 11 ("J.D. indicated he had no issues gaining employment despite the existence of the

records he sought to seal."); *State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-6565, ¶ 31 ("[A]ppellant did not testify his employment prospects have been adversely affected by his conviction."); *In re Sealing of the Record of Brown*, 10th Dist. Franklin No. 07AP-715, 2008-Ohio-4105, ¶ 13 ("[Appellant] did not clearly articulate that her financial problems were related to her criminal record."). The majority states that "G.F.A.'s defense counsel stated that G.F.A. needs his record sealed because he believes he has a gainful employment opportunity in Florida." The majority adds words not mentioned by G.F.A.'s attorney as G.F.A.'s attorney presented no evidence, let alone asserted, that G.F.A.'s records were preventing him from obtaining such a position. The words actually spoken by G.F.A.'s attorney in no way state that G.F.A.'s possible employment opportunity was dependent upon the sealing of the criminal proceedings, which can still be brought against him as the statute of limitations has not passed. By reading words into the transcript that are not there, the majority carries G.F.A.'s burden for him.

{¶ 36} Further, even if G.F.A.'s attorney's statements actually set forth a legitimate reason in support of sealing, those statements do not constitute evidence. *Haney*, 70 Ohio App.3d at 138-139, 590 N.E.2d 4455 ("[A]lthough there was a hearing, no evidence, only argument of counsel, was presented."); *A.V.* at ¶ 16 ("A.V. relied solely upon his counsel's arguments made during the hearing, which is not evidence."); *see also RNG Props., Ltd. v. Summit Cty. Bd. of Revision*, 140 Ohio St.3d 455, 2014-Ohio-4036, 19 N.E.3d 906, quoting *Corporate Exchange Bldgs. IV & V, L.P. v. Franklin Cty. Bd. of Revision*, 82 Ohio St.3d 297, 695 N.E.2d 743 (1998)

("We have long held that 'statements of counsel are not evidence.'"). Therefore, there was, in fact, no evidence presented in support of granting G.F.A.'s application.

{¶ 37} The majority says that the state failed to articulate a legitimate government interest to support denying G.F.A.'s application. However, "it is [G.F.A.'s] burden to show that his interest in sealing the records is equal to or outweighs the state's interest in maintaining those records, not the state's burden. Therefore, there is no requirement that the state present any evidence at [a R.C. 2953.52] hearing." *State v. Newton*, 10th Dist. Franklin Nos. 01AP-1443 and 01AP-1444, 2002-Ohio-5008, ¶ 10; *see also Shaffer* at ¶ 25 (citing *Newton*); *Haney* at 138 (even if the state does not file objections, a trial court must still weigh the interests of the applicant against the government's interests in maintaining those records, and it is the applicant's burden to show that his or her interests are equal or greater to the government's).

{¶ 38} Furthermore, contrary to the majority's assertions, the state did articulate an interest in maintaining G.F.A.'s records. In its brief in opposition, the state said that it opposed G.F.A.'s application because "of the nature of the facts, that an elderly victim was injured." Further, at the hearing, the state said, "The elderly victim was injured, and we're objecting. A dismissal doesn't mean innocence. And the note says that if we get more information, we would reindict." In fact, it appears that the state can re-indict G.F.A. for felonious assault up until November 19, 2022, which is when the statute of limitations for that charge expires. *See* R.C. 2901.13(A)(1)(a) (statute of limitations for felony is six years). While a trial

court cannot summarily deny an application based solely on the nature of the offense, it can still consider the victim's injuries as a legitimate government interest. *State v. Reiner*, 8th Dist. Cuyahoga No. 103775, 2016-Ohio-5520, ¶ 15. Additionally, the state's objection based upon a possible re-indictment constitutes an interest that a court may weigh when considering an application to seal. *See State v. Bates*, 6th Dist. Williams No. WM-11-007, 2012-Ohio-1397, ¶ 12 ("There is * * * ample documentation in the record that it was the state's intent to resubmit appellant's case to the grand jury. That intent, although not constituting pending criminal proceedings, * * * is a state interest that the trial court may legitimately weigh in balancing the interests of the parties.").

{¶ 39} Therefore, I would find that the trial court did not abuse its discretion in denying his application because G.F.A. failed to set forth any legitimate reason beyond his eligibility in either his application for sealing or at the hearing. By holding that G.F.A.'s "justifications" were enough to carry his burden, the majority undermines long-standing precedent that requires a defendant to show more than mere eligibility and a general privacy interest to have his or her records sealed. While G.F.A. was never found guilty of the crimes charged, he has not demonstrated that he has a legitimate interest in having his records sealed, and even less that his interest in having the records sealed is equal to or greater than the government's interest in maintaining those records.

{¶ 40} Accordingly, I would overrule G.F.A's first assignment of error.

**{¶ 41}** I would also overrule G.F.A.'s second assignment of error. The trial court's reference to the expungement investigation report, which showed that G.F.A. was previously charged with domestic violence in 1989, 1992, and 2010, as well as considering the fact that G.F.A. offered no legitimate reasons or evidence to support his application, was enough to allow this court to engage in meaningful appellate review of the trial court's decision.