[Cite as *State v. West*, 2022-Ohio-2583.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 110996 |
| v. | : | |
| TERRELL WEST, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 28, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-484530-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anthony T. Miranda, Assistant Prosecuting
Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and
Noelle A. Powell, Assistant Public Defender, *for appellant*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant Terrell West appeals the trial court's denial of his postconviction motion to correct a void sentence and asks this court to remand this case to the trial court to state its reasons for denying the motion. Because the

trial court had no duty to state reasons to deny the motion and where we review the denial under a de novo standard of review, we affirm the judgment of the trial court.

{¶ 2} In 2010, this court affirmed West's convictions of five counts of rape of a child under 13 years of age, five counts of kidnapping, and one count of gross sexual imposition.[1] *State v. West*, 2012-Ohio-3151. On February 13, 2019, West filed pro se a motion to correct a void sentence pursuant to Crim. R 47. On February 21, 2020, the trial court assigned counsel. On May 5, 2020, West's counsel filed a supplemental memorandum in support of the motion. The state filed responses to both West's initial motion and counsel's supplemental filing. On September 16, 2020, the trial court held a hearing on West's motion. On October 11, 2021, the trial court found that "upon consideration of the motions filed, the state's response, and the arguments presented at the hearing on 9/16/2020, defendant's motion to correct a void sentence is denied."

{¶ 3} West appeals this judgment and raises one assignment of error, which reads:

> The record is insufficient for this Court to engage in a meaningful appellate review.

---

[1] In 2007, West was convicted of multiple counts of rape of a child under 13. His convictions were reversed. *State v. West*, 8th Dist. Cuyahoga No. 90198, 2008-Ohio-5249. West was retried, which proceeding resulted in a mistrial. In 2010, West was convicted, and this court affirmed the conviction. *State v. West*, 8th Dist. Cuyahoga No. 95331, 2012-Ohio-3151.

**{¶ 4}** West argues that this court cannot review the judgment appealed because the trial court did not provide "meaningful content" in its journal entry and did not state its "reasons for denial of the motion."

**{¶ 5}** There is no requirement for a trial court to issue findings of fact or conclusions of law when deciding a postconviction motion to vacate a void sentence. *State v. Townsend*, 8th Dist. Cuyahoga No. 94754, 2010-Ohio-5147, ¶ 5. Further, review of the denial of a motion to correct void sentence is limited to determine whether the trial court had jurisdiction to modify the final sentence. *State v. Sailor*, 8th Dist. Cuyahoga No. 109459, 2021-Ohio-2277, ¶ 18. We review a trial court's determination of its jurisdiction de novo. *See State v. Vild*, 8th Dist. Cuyahoga Nos. 87742 and 87965, 2007-Ohio-987, ¶ 12. As such, we need not remand this case for the trial court to state reasons because we review the trial court's ruling de novo.

**{¶ 6}** West makes no argument the trial court's decision was erroneous but cites *State v. W.C.*, 8th Dist. Cuyahoga No. 105353, 2018-Ohio-1182; *State v. McKinney*, 4th Dist. Ross No. 96CA2189, 1996 Ohio App. LEXIS 5922 (Dec. 30, 1996); and *State v. Peeks*, 10th Dist. Franklin No. 19AP-291, 2020-Ohio-889, to persuade this court to remand the matter. We do not find these cases persuasive.

**{¶ 7}** In *W.C.*, we found the trial court "must engage in the balancing test required by R.C. 2953.52(B)(2) and set forth in the record its findings indicating that it weighed the requisite interests of the defendant and the state as required by the statute." *Id*. at ¶ 10. In *McKinney*, the Fourth District Court of Appeals found that it could not review the matter because "in reviewing a speedy trial claim, this court

will accept the facts as found by the trial court 'if supported by some competent, credible evidence'" and the court did not include evidence supporting its findings. *Id*. at 6, quoting *State v. Jones*, 4th Dist. Ross No. 95CA2128, 1996 Ohio App. LEXIS 2386 (June 4, 1996). In *Peeks*, the Tenth District Court of Appeals reversed the trial court's pretrial suppression of evidence, finding the court failed to make findings under Crim.R. 12(F). Each case cited by West reversed the judgment and remanded the matter because factual findings were required by statute or the standard of review necessitated a statement by the lower court of its findings or reasoning.

{¶ 8} In this case, the trial court had no duty to state its reasons in denying the motion and a de novo standard of review does not depend on factual findings or the reasoning employed by the trial court in making its decision to deny the motion. Accordingly, the sole assignment of error seeking remand is overruled.

{¶ 9} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR